# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALI A. ALADIMI, | : | |
|    Plaintiff, | : | Case No. 3:10cv00121 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| ALVIS HOUSE COPE CENTER,<br>et al., | : | |
| | : | |
|    Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

On April 3, 2012, Plaintiff Ali A. Aladimi filed a Notice of Appeal (Doc. #45) the Court's decision to grant Defendants' Motion For Summary Judgment. The case is presently before the Court upon Plaintiff's Motion to Proceed without Prepayment of Fees (In Forma Pauperis) and Affidavit In Support (Doc. #46) and the record as a whole.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). When a Plaintiff files a motion to proceed in forma pauperis on appeal, "the district court must ascertain both the individual's pauper status and the merits of the appeal. If the district court determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

individual is not otherwise entitled to pauper status, the district court must state its decision in writing, and then immediately notify the parties of its decision." *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999)

In the instant case, the Court previously observed, "Plaintiff Aladimi's Motion to Proceed In Forma Pauperis on Appeal, although supported by his financial affidavit, is silent regarding his right to redress and the issues he intends to present on appeal.  The information missing from Plaintiff Aladimi's application plays a central role in the analysis of whether or not his appeal is taken in good faith.  *Callihan*, 178 F.3d at 803."  (Doc. #48, PageID at 694).  The Court therefore ordered Plaintiff to show cause, in writing, "why his appeal is taken in good faith by stating his 'right to redress' and 'the issues [he] intends to present on appeal.'  *Callihan*, 178 F.3d at 803."  (Doc. #48, PageID at 694).  Plaintiff has not responded to the Order To Show Cause.

Beginning with Plaintiff's financial status, his motion and supporting affidavit establish that he lacks the financial wherewithal to proceed on appeal.  His in forma pauperis motion is therefore well taken, in part, to the extent he financially qualifies to proceed in forma pauperis.

Turning to whether Plaintiff's appeal is taken in good faith, in the absence of response by Plaintiff to the Order to Show Cause, he has not presented an asserted right to redress on appeal, and he has not identified an issue he intends to raise on appeal.  Because of this, and for the reasons set forth previously in the Court's Decision and Entry of March 6, 2012 (Doc. #43), Plaintiff's appeal is not taken in good faith.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. #46) be GRANTED, in part, to the extent he meets the financial requirements of in forma pauperis status; and

2. Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. #46) be DENIED, in remaining part, and that the Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal is not taken in good faith.

May 2, 2012

                                                  s/Sharon L. Ovington
                                                   Sharon L. Ovington
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).